**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**KIMBERLY MORELAND**

        **Plaintiff,**

    **-v-**

                                                         **Case No. 12-C-1125**

**JANET NAPOLITANO,**
**Secretary of the Department of Homeland Security,**

        **Defendant.**

## DECISION AND ORDER

This action is before the Court on the issue of service. By a letter dated April 3, 2012, the Clerk of Court informed pro se Plaintiff Kimberly Moreland ("Moreland") that Court records do not indicate that service has been made upon the Defendant Janet Napolitano ("Napolitano"), Secretary of the Department of Homeland Security, as required under Rule 4(i) of the Federal Rules of Civil Procedure. By a letter dated April 22, 2013, Moreland responded stating that she served Napolitano on November 9, 2012. Attached to the letter are a certified mail receipt and a United States Postal Service "Track and Confirm" email indicating that on November 15, 2012, the item sent by Moreland was delivered to Napolitano.

The general requirements for service of process include that a non-party over the age of 18 must effect service. *See* Fed. R. Civ. P. 4(c)(2). Also, proof of service must be by affidavit. *See* Fed. R. Civ. P. 4(l). A factual statement sworn under penalty of perjury will be considered as an affidavit. *See* 28 U.S.C. § 1746.

Rules 4(i)(1) through (3) of the Federal Rules of Civil Procedure set out the

appropriate method for serving the United States and its officers or employees.

> (1) **United States.** To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought - or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk - or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C. . . .
>
> 2) **Agency; Corporation; Officer or Employee Sued in an Official Capacity.** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>
> (3) **Officer or Employee Sued Individually.** To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i).

Federal Rule of Civil Procedure 4(e) provides that a plaintiff seeking to serve process in a federal action may follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).[1] Or Napolitano could be served by doing any of the following:

> (a) delivering a copy of the summons and of the complaint to

---

[1] The relevant portions of Wisconsin Statute § 801.11 are included in an appendix to this Decision and Order.

- 2 -

the individual personally;

(b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

Stated another way, in order to serve Napolitano, the United States must be served by the delivery of a copy of the summons and complaint to the United States Attorney for the Eastern District of Wisconsin, or by sending such copies by registered or certified mail to the civil process clerk at the United States Attorney's Office. *See* Fed.R.Civ.P. 4(i)(1)(A). In addition, a copy of the summons and complaint must be served on the Attorney General of the United States by registered or certified mail. *See* Fed. R. Civ. P. 4(i)(1)(B). Napolitano must also be served. *See* Fed. R. Civ. P. 4(i)(2) and (3).

Based on the foregoing, Moreland has not established that she served Napolitano. Moreland did not attempt to serve the United States, and she has not demonstrated that she properly served Napolitano. Moreland has not filed an affidavit, indicated the contents of the package sent by certified mail to Napolitano, or who sent the package. It is necessary that both the summons and the complaint be served upon Napolitano. Moreland's Complaint does not specify whether she is suing Napolitano in her official and/or her individual capacity. However, if Moreland wants to serve Napolitano in her individual capacity she must also follow the requirements of Rule

- 3 -

4(i)(3), in addition to those of Rule (i)(2).

Rule 4(m) requires that if a defendant has not been served within 120 days after the filing of the Complaint, the Court must, either upon motion or on its own motion after notice to the plaintiff, dismiss the action without prejudice as to that defendant or extend the time for service within a specified time. Moreland is representing herself in this action. An attorney was assisting Moreland — however, that attorney recently passed away.

Moreland's pro se status does not excuse her failure to comply with the procedural requirements of service. *See McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001). "Although this may seem overly formalistic, '[t]he Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal.'" *Id.* (quoting *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir.1996)).

However, in the exercise of its discretion, the Court will allow Moreland until June 30, 2013, to file proof of service. *See id* at 817. Failure to file proof of service by the stated deadline will result in dismissal of this action for failure to prosecute.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**On or before June 30, 2013,** Moreland must file proof of service consistent with this Decision and Order; and

- 4 -

Failure to file proof of service by the stated deadline will result in dismissal of this action for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2013.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

# APPENDIX

**Wisconsin Statute 801.11(1) provides:**

**(1) Natural person.** Except as provided in sub. (2) upon a natural person:

(a) By personally serving the summons upon the defendant either within or without this state.

(b) If with reasonable diligence the defendant cannot be served under par. (a), then by leaving a copy of the summons at the defendant's usual place of abode:

1. In the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof;

1m. In the presence of a competent adult, currently residing in the abode of the defendant, who shall be informed of the contents of the summons; or

2. Pursuant to the law for the substituted service of summons or like process upon defendants in actions brought in courts of general jurisdiction of the state in which service is made.

(c) If with reasonable diligence the defendant cannot be served under par. (a) or (b), service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

(d) In any case, by serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant.

- 6 -