UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY MORELAND,

      Plaintiff,

      -v-                                  Case No. 12-C-1125

JANET NAPOLITANO,[1]
**Secretary of the Department of Homeland Security,**

      Defendant.

## DECISION AND ORDER

This Decision and Order addresses the July 1, 2013, response of pro se Plaintiff Kimberly Moreland ("Moreland") to the Court's May 8, 2013, Decision and Order directing her to file proof of service because Court records do not indicate that service has been made upon the Defendant Janet Napolitano ("Napolitano"), Secretary of the Department of Homeland Security, as required under Rule 4(i) of the Federal Rules of Civil Procedure. The Court issued the May 2013 order because in responding to an April 3, 2013, letter from the Court, Moreland asserted she had served Napolitano on November 9, 2012. The Court's May 8, 2013, Decision and Order allowed Moreland additional time to serve Napolitano. However, Moreland's July 1, 2013, response to the May order reiterates her position that she has properly served

---

[1] On July 12, 2013, Napolitano announced that she will be resigning as Secretary because she will be nominated as the next President of the University of California. See http://www.dhs.gov/news/2013/07/12/statement-secretary-homeland-security-janet-napolitano (last visited August 7, 2013). However, as of the date of this Decision and Order, Napolitano is still serving in her federal position.

Napolitano. (ECF No. 9.) Moreland also asks that if she did not follow the proper procedures for service she be given additional time to do so.

Despite the Court's efforts, it is apparent that it did not clearly explain that Moreland had NOT properly served Napolitano. Therefore, Moreland will be allowed additional time to accomplish service. However, if Moreland does not establish that she has properly serve Napolitano by the new deadline, her action will be dismissed without further notice for failure to effect service. *See* Civil L.R. 41(a) (E.D. Wis.).

Absent proper service of process, this Court lacks personal jurisdiction over a defendant. Regardless of whether a defendant has actual knowledge of a lawsuit, the defendant must be properly served, unless that right is waived by the defendant. There is no indication that Napolitano has waived her right to proper service of process.

Because Moreland is a party to this action, she must have someone, other than herself, over the age of 18 effect service of Napolitano. *See* Fed. R. Civ. P. 4(c)(2). Also, proof of service must be established by an affidavit filed with the Court. *See* Fed. R. Civ. P. 4(l). A factual statement sworn under penalty of perjury is also considered as an affidavit. *See* 28 U.S.C. § 1746.

As Moreland knows, Napolitano is an officer of the United States and the rules for serving a federal officer were set forth in the Court's May 8, 2013, Decision and Order. Stripped of all but the basics, in order to serve Napolitano: (1) The United States must be served by (a) delivering of a copy of the summons and complaint to the United States Attorney for the Eastern District of Wisconsin, or (b) by sending such

copies by registered or certified mail to the civil process clerk at the United States Attorney's Office. *See* Fed. R. Civ. P. 4(i)(1)(A); (2) A copy of the summons and complaint must be served on the Attorney General of the United States by registered or certified mail. *See* Fed. R. Civ. P. 4(i)(1)(B); and (3) Napolitano must be served. *See* Fed. R. Civ. P. 4(i)(2) and (3). Again, Moreland's Complaint does not specify whether she is suing Napolitano in her official and/or her individual capacity. To serve Napolitano in her individual capacity the service agent must follow the requirements of Rule 4(i)(3), in addition to those of Rule 4(i)(2). If Moreland requires additional assistance regarding how to serve Napolitano, she is referred to the pro se guides available at the Court website: http://www.wied.uscourts.gov

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**On or before October 7, 2013,** Moreland must file proof of service consistent with this Decision and Order; and

Failure to file proof of service by the stated deadline will result in dismissal of this action for failure to effect service.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2013.

BY THE COURT:

*[signature]*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**