# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KIMBERLY A. MORELAND,**

      **Plaintiff,**

      v.                                                  Case No. 12-C-1125

**JEH JOHNSON,**
**Secretary of the United States**
**Department of Homeland Security,**

      **Defendant.**

# DECISION AND ORDER

This action arises out of Plaintiff Kimberly A. Moreland's ("Moreland") claim of discrimination and retaliation by the Department of Homeland Security ("DHS") because it failed to pay for her time and travel expenses in conjunction with an administrative hearing on her racial and gender discrimination claims ("*Moreland I*"), whereas two other Federal Emergency Management Agency ("FEMA") employees who appeared as witnesses at that hearing were compensated. Moreland filed a separate complaint *("Moreland II")* alleging that she was discriminated against on the basis of race, gender, age, and retaliation at the *Moreland I* hearing because she was not compensated for the expenses she incurred to attend. After *Moreland II* was denied initially and upon reconsideration, she filed

this action. Defendant Jeh Johnson ("Johnson") has filed a motion for judgment on the pleadings. (Def. Mot. J. Plead.) (ECF No. 16.)

## MOTION FOR JUDGMENT ON THE PLEADINGS

Johnson asserts that Moreland's claim should be dismissed pursuant to Fed R. Civ. P. 12(c) because Moreland failed to exhaust her administrative remedies. (*Id.* at 1-2.)

### Standard of Review

A defendant cannot succeed on a Rule 12(c) motion unless "it appears beyond doubt that the plaintiff cannot prove any facts that would support [her] claim for relief." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). In order for Johnson to succeed he "must demonstrate there are no material issues of fact to be resolved." *See N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Because Rule 12(c) motions are reviewed under the same standard as Rule 12(b) motions, *id.*, this Court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "Rule 12(c) permits a judgment based on the pleadings alone." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452. In addition to the complaint and answer any "copy of a

written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

*Factual Background[1]*

In June 2009, *Moreland I* was filed with the Equal Employment Opportunity Commission ("EEOC") alleging that Moreland was discriminated against by her employer, FEMA. The complaint was heard in March 2011 by an Administrative Judge (the "AJ"). (Compl. 1-2.) (ECF No. 1.) During the hearing Moreland discovered that two other FEMA employees who appeared as witnesses were deployed on active pay status and, thus, were being paid for their time at the hearing. (*Id.* at 2.) Moreland was not compensated or reimbursed for her appearance at the hearing because she was not in pay status. (*Id.*) Moreland concluded that she was being treated differently and voiced her concern to the AJ during the hearing. (*Id.*) The AJ instructed Moreland to address the matter in a separate complaint. (*Id.*)

In March 2011, Moreland filed *Moreland II* to recover the expenses she incurred attending the *Moreland I* hearing. Moreland alleged that she was discriminated against on the basis of race, sex, age, and retaliation

---

[1] Pursuant to the standard of review for Rule 12(c) motions, this factual background is based on the facts of the complaint which are to be taken as true.

because other agency employees were compensated for attending the hearing. (*Id.* at 3.) DHS dismissed the complaint in July 2011, holding that it was a "spin-off" complaint from *Moreland I.* (*Id.* at 5.) Moreland filed a timely appeal with the EEOC Office of Federal Operations ("OFO"). (*Id.*) In March 2012, the OFO addressed the complaint and affirmed its dismissal. (*Id.*) Moreland then requested reconsideration of her OFO appeal. (*Id.*) In August 2012, her request for reconsideration was denied. (*Id.*) On November 5, 2012, Moreland filed this federal action. (Compl.)

*Exhaustion of Administrative Remedies*

Johnson asserts he is entitled to judgment on the pleadings under Fed. R. Civ. P. 12(c) because Moreland did not follow administrative procedure and, consequently, did not exhaust her administrative remedies before bringing the claim before this Court. (Def. Mem. Supp. Mot. J. Plead. 6.) (ECF No. 17.) Moreland counters, asserting there was no mechanism to amend her claims in *Moreland I* to include her claim from *Moreland II* because it was before the EEOC on appeal. (Pl.'s Opp'n Mot. J. Plead. 5.) (ECF No. 21.) She also asserts that *Moreland I* was res judicata to all issues raised and she has exhausted her administrative remedies.

In order to bring a Title VII discrimination claim in federal court all

administrative remedies must be exhausted. *Gibson v. West,* 201 F.3d 990, 993 (7th Cir. 2000) (citing *Charlie F. v. Bd. of Ed. of Skokie Sch. Dist. 68*, 98 F.3d 989, 991 (7th Cir. 1996)). Moreland has not established that she has exhausted all of her administrative remedies.

Although the AJ instructed Moreland to file a separate complaint seeking payment for her time attending the *Moreland I* hearing, during the review of *Moreland II* the OFO instructed her to raise her claim within the appeal of *Moreland I*. (Compl., Ex. F n.1.) (ECF No. 1-6.) Moreland asserts there is no mechanism to amend her *Moreland I* complaint to include the claim for travel expenses. (Pl.'s Opp'n Mot. J. Plead. 5.) Title 29, Code of Federal Regulations, Section 1614.106(d) provides her with this mechanism by allowing a "complainant [to] file a motion with the administrative judge to amend a complaint to include issues or claims like or related to those raised in the complaint." 29 C.F.R. § 1614.106(d); *see e.g., Mattocks v. Caldera,* EEOC Appeal No. 01A00959 at *2 (May 2, 2000) (considering complainant's new claims on appeal and ordering the agency to acknowledge the new claims on remand); *see also Coffelt v. Glickman,* EEOC Appeal No. 01984617 at *2 (Dec. 10, 1999) (allowing complainant to raise new claims for the first time on appeal).

Moreland claims exhaustion of 29 C.F.R. § 1614.106(d), asserting

that she sought to amend the *Moreland I* complaint during the hearing to include the claim for travel expenses. (Pl.'s Opp'n Mot. J. Plead. 4-5.) However, Moreland did not express a desire to amend her complaint, she simply stated her displeasure that the other witnesses were being compensated for their time and she was not. (Compl., Ex. A 5.) (ECF No. 1-1.) Additionally, 29 C.F.R. § 1614.106(d) requires the complainant to file a motion to amend with the administrative judge. Moreland does not allege that she attempted to file such a motion.

Moreland had both the instruction and the mechanism to amend her *Moreland I* complaint by raising the discrimination claim for travel expenses in the *Moreland I* appeal. Because Moreland did not pursue the claim on appeal, she did not exhaust her administrative remedies.

Moreland states that *Moreland I* will have a res judicata effect on her travel expense claim, however she does not cite any authority for this contention. Moreover, to the extent that the September 19, 2013 *Moreland I* decision may have a res judicata effect on her administrative claim for the travel expenses she incurred attending the *Moreland I* hearing, that issue could have been raised on administrative appeal. Based on the foregoing, Johnson's motion for judgment on the pleadings is granted and this action is dismissed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Johnson's motion for judgment on the pleadings for failure to exhaust administrative remedies (ECF No. 16) is **GRANTED**;

This action is **DISMISSED**; and

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2014.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**