UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

**KIMBERLY A. MORELAND,**

 Plaintiff,

 v.              Case No. 12-CV-1125

**JOHN F. KELLY, Secretary,**
U.S. Department of Homeland Security,

 Defendant.

───────────────────────────────────────────────

DECISION AND ORDER ON PLAINTIFF'S
MOTION FOR RECONSIDERATION

───────────────────────────────────────────────

 Kimberly A. Moreland sued the Department of Homeland Security ("DHS") alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). The DHS moved for summary judgment on Moreland's claim and I granted the DHS' motion. Presently before me is Moreland's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). For the reasons I explain below, Moreland's motion is denied.

 Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins.*

*Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

Moreland argues the court erred by finding she failed to meet her burden of establishing a *prima facie* case of retaliation. (Pl.'s Br. at 4-5, 8-10, Docket # 67.) This is simply a rehashing of previously rejected arguments and is not a proper basis for reconsideration.

Moreland further argues that the court misinterpreted Title VII because the court concluded Moreland failed to establish that she suffered an adverse employment action and the statute does not contain the language "adverse employment action." (*Id.* at 6.) Moreland argues the court "has relied on a judicially created interpretation of the statute which is inconsistent with the statutory language and the interpretation of the statute by the EEOC." (*Id.*) The Seventh Circuit has stated that a retaliation claim requires proof that the plaintiff suffered an adverse employment action because of her statutorily protected activity. *Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 563 (7th Cir. 2016). While Moreland may disagree with the Seventh Circuit's interpretation of the statute, I am bound by its interpretation. If Moreland wishes to argue to the Seventh Circuit that its interpretation is wrong, she is free to do so. However, it is not a proper ground for reconsideration.

Because Moreland has failed to meet her burden of showing a manifest error of law or fact, her motion for reconsideration is denied.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for reconsideration (Docket # 67) is **DENIED**.

Dated at Milwaukee, Wisconsin this 17th day of August, 2017.

BY THE COURT

*s/Nancy Joseph*_____
NANCY JOSEPH
United States Magistrate Judge